IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:16-CR-218-D |
| | § | |
| MARK ANTHONY ESPARZA, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Construing defendant Mark Anthony Esparza's ("Esparza's") letter to the court, dated April 1, 2022 and filed April 19, 2022 ("April Letter"), as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, the court dismisses the petition without prejudice for lack of jurisdiction.

I

After pleading guilty to one count of prohibited person in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Esparza was sentenced to 100 months' imprisonment and three years of supervised release. His term of imprisonment was ordered to run concurrently to any sentences imposed in three state cases pending in the 363rd Judicial District Court of Dallas County, Texas.

In his April Letter, Esparza asserts that the Bureau of Prisons ("BOP") has failed to credit him for 543 days toward his federal sentence. Pet. at 1-2. He maintains that he is currently petitioning the BOP to credit this time *nunc pro tunc*, and that the BOP "is to reach

out to the Court for its recommendation as to whether or not the []BOP should grant the Nunc Pro Tunc status." *Id.* at 2. Esparza states that he is "hopeful that the Court would make a recommendation for Nunc Pro Tunc Status" consistent with his federal judgment. *Id.* at 3. To date, so far as the court is aware, it has not received a request from the BOP regarding Esparza's sentence.

II

Because the April Letter challenges the manner in which Esparza's federal sentence is being executed—that is, the BOP's calculation of his sentence—it is properly construed as arising under 28 U.S.C. § 2241. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2241 is correctly used to attack the manner in which a sentence is executed."); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). To entertain a § 2241 habeas petition, a court must have jurisdiction over the prisoner or his custodian upon filing of the petition. *Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001). Accordingly, jurisdiction over a § 2241 petition is in the district in which the prisoner is incarcerated. *Id.* at 373. At the time Esparza sent the April Letter, he was (and continues to be) confined at USP Atwater, which is located in Atwater, California, within the Fresno Division of the United States District Court for the Eastern District of California. This court therefore lacks jurisdiction to address Esparza's § 2241 petition.

When a court lacks jurisdiction over a § 2241 petition, it must either dismiss the petition or, in the interest of justice, transfer it to a court of proper jurisdiction. *See* 28 U.S.C. § 1631 (authorizing transfers to cure lack of jurisdiction); Fed. R. Civ. P. 12(h)(3) (directing

courts to dismiss actions for which they lack jurisdiction).  Here, because the April Letter indicates that Esparza is currently in the process of exhausting his administrative remedies, the interest of justice favors dismissing the petition without prejudice, rather than transferring it.  *See, e.g.*, *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990) ("Not only must a petitioner seeking credit on his sentence file his petition pursuant to § 2241, but he must first exhaust his administrative remedies through the [BOP].").

The court directs the clerk of court to open a new habeas corpus action under 28 U.S.C. § 2241 for statistical purposes, with direct assignment to the same District Judge and Magistrate Judge as in this criminal case, and to close that case on the basis of this order.

**SO ORDERED**.

May 2, 2022.

                                              SIDNEY A. FITZWATER
                                              SENIOR JUDGE